Filed 4/28/14  P. v. Alvis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WADE DANIEL ALVIS,<br><br>    Defendant and Appellant. | C073917<br><br>(Super. Ct. Nos. F-10-120 &<br>F-11-332) |

This case involves a challenge to the manner in which fines were imposed at sentencing.  In a 2010 case (No. F-10-120), defendant Wade Daniel Alvis pleaded no contest to possessing methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  A three-year prison sentence was imposed, execution was suspended, and defendant was placed on probation.  In a 2011 case (No. F-11-332), defendant pleaded no contest to being a felon in possession of a firearm (Pen. Code, former § 12021, subd. (a)(1))[1] and

---

[1]     Undesignated statutory references are to the Penal Code.

1

possessing an assault weapon (former § 12280, subd. (b)). Defendant's arrest in case No. F-11-332 also resulted in a report that defendant violated his probation in case No. F-10-120.

Defendant was ultimately sentenced on both matters in a single proceeding. As relevant to this appeal, the trial court announced from the bench at sentencing, "in case F-10-120, I'm going to impose the Court fine of $815, which includes a $220 state restitution fine pursuant to [section] 1202.4, and a court operation fee of $40. [¶] . . . [¶] In case F-11-332, I'm going to impose a court fine of $310, which includes a state restitution fine of $240, pursuant to [section] 1202.4 of the Penal Code, and a court operation fee of $40, and a critical needs assessment of $30."

Defendant contends, and the Attorney General concedes, that the matter must be remanded to the trial court to enable it to specify the amounts and statutory bases for the imposition of all fines and fees.

The original abstract of judgment separately states the restitution fines imposed. But, although it lists the aggregate fine amounts of $815 imposed in case No. F-10-120 and the $310 imposed in case No. F-11-332, it does not list all the components of those fines. After the notice of appeal was filed in this case, the trial court issued an amended abstract of judgment in these consolidated cases which: (1) reduces the amount of the aggregate fine in case No. F-10-120 to $810, but the aggregate appears comprised of elements whose sum exceeds that amount and it fails to state the statutory basis for many elements; and (2) states that an aggregate fine of $310 was imposed in case No. F-11-332, but indicates it is comprised of different components from those stated by the trial court at sentencing.

In *People v. High* (2004) 119 Cal.App.4th 1192 (*High*), this court stated: "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.] The abstract of judgment form

2

used here, Judicial Council form CR-290 (rev. Jan. 1, 2003) provides a number of lines for 'other' financial obligations in addition to those delineated with statutory references on the preprinted form. If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.] Thus, even where the Department of Corrections has no statutory obligation to collect a particular fee, such as the laboratory fee imposed under Health and Safety Code section 11372.5, the fee must be included in the abstract of judgment. [Citation.]" (*High, supra,* 119 Cal.App.4th at p. 1200.)

As neither the court's oral pronouncement nor the abstracts of judgment comply with the obligation to provide a detailed recitation of fees, fines, and penalties, we agree that this matter should be remanded to the trial court with directions to amend the abstract of judgment to fill in the gaps. (*High, supra,* 119 Cal.App.4th at pp. 1200, 1201.)

DISPOSITION

The judgment of conviction is affirmed except as to the imposition of fines, penalties, fees, and assessments, as to which the matter is remanded to the trial court with directions to correct the abstract of judgment to reflect all fines, fees, penalties, and assessments. The court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                              NICHOLSON         , Acting P. J.

We concur:


       HULL              , J.


       BUTZ             , J.

3